UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLES ANDREW CRISSEY,

Petitioner,

v. Case No.: 2:26-cv-02824-SPC-KRH

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.

_______________________________/

**OPINION AND ORDER**

Before the Court are Charles Andrew Crissey's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Crissey's reply (Doc. 5).

This is an unusual habeas action by a person in immigration detention. Crissey was born in Miami, Florida. He later became a citizen of the Bahamas, and on March 9, 2010, he formally renounced his U.S. citizenship at the U.S. Embassy in Nassau. In 2010 and 2022, Crissey applied for and received nonimmigrant visas for temporary admission into the U.S.

On June 12, 2026, Crissey arrived at the Port of Miami on a cruise ship and applied for admission as a visitor for pleasure. Immigration and Customs Enforcement (ICE) commenced removal proceedings by issuing a notice to appear and detained him under 8 U.S.C. § 1225(b)(2). Crissey—through

former counsel—admitted that he had renounced his U.S. citizenship. Crissey then retained new counsel, who wanted to pursue a different strategy and argue Crissey's revocation his U.S. citizenship was invalid. At a master calendar hearing, counsel requested permission to withdraw the admission, and that request was denied. On July 21, 2026, an immigration judge ordered Crissey removed to the Bahamas. Crissey appealed, so the removal order is not administratively final. On August 4, 2026, ICE denied Crissey's request for release on parole.

Crissey's habeas petition asserts three grounds for relief. The first two argue his detention lacks statutory authority and violates the Fifth Amendment because he is not an "alien." Those arguments lack evidentiary support. It is undisputed that Crissey deliberately renounced his U.S. citizenship in 2010, acknowledged his lack of U.S. citizenship in multiple visa applications, made no attempt to regain citizenship for over 15 years, and conceded his lack of citizenship in the pending removal proceedings.

As Crissey acknowledges, 8 U.S.C. § 1252(b)(5) provides the exclusive judicial review mechanism for nationality claims relating to removal orders. Under that procedure, Crissey may raise his claim of nationality in a petition to the court of appeals to review an administratively final removal order. If the court of appeals finds a genuine issue of material fact about Crissey's nationality, it will transfer the case to the appropriate district court. Crissey

intends to invoke this procedure if his removal order becomes administratively final. Outside that procedure, this Court lacks jurisdiction to review the Executive Branch's determination Crissey's nationality claim. Thus, the Court must consider Crissey a noncitizen, and his first two grounds for habeas relief fail.

Crissey's third habeas count argues his continued, prolonged detention without a meaningful custody review before a neutral decisionmaker infringes his Fifth Amendment right to due process. Because Crissey was detained at a port of entry while applying for admission, his detention is mandated by 8 U.S.C. § 1225(b)(2). That is not the end of the inquiry. "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

There is no hard limit on how long a noncitizen can be detained under § 1225(b)(2). In the context of post-removal-order detention under § 1231, the Supreme Court limited the presumptively reasonable period of detention to six months. *Id.* at 701. The Court noted "that Congress previously doubted the constitutionality of detention for more than six months." *Id.* When considering the constitutionality of prolonged detention of criminal aliens under § 1226(c), the Eleventh Circuit found "[t]he need for a bond inquiry is likely to arise in the six-month to one-year window[.]" *Sopo v. U.S. Attorney Gen.*, 825 F.3d 1199, 1217 (11th Cir. 2016).

Crissey has been detained for about four-and-a-half months. He has received process in the form of consideration of his request for parole. Under the facts of this case, the Court does not find that the current duration of Crissey's detention makes additional process necessary. Accordingly, Crissey's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on November 2, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record